# United States Court of Appeals for the Fifth Circuit

---

No. 23-60053
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2023

Lyle W. Cayce
Clerk

John Howard Overstreet,

*Plaintiff—Appellant*,

*versus*

Doug Miller, *Assistant Prosecutor*; Chip Lewis, *County Public Defender*; Prentiss Harrell, *15th Judicial Circuit Court Judge*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:20-CV-124

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

In June 2020, John Howard Overstreet pled guilty to being a sex offender living within 3,000 feet of a school. *See* Miss. Code Ann. § 45-33-25(4)(a) (West 2023). Judge Prentiss Harrell of Mississippi's Fifteenth Judicial District sentenced Overstreet to a five-year term of probation. Then in July 2020—proceeding *pro se* and *in forma pauperis*—

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60053

Overstreet filed a Section 1983 suit against prosecutor Doug Miller, public defender Chip Lewis, and Judge Harrell. Overstreet alleges the defendants violated his constitutional rights by not informing Overstreet that he would have to wear an ankle monitor as a condition of probation.

The district court dismissed Overstreet's complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and levied a strike under 28 U.S.C. § 1915(g). Specifically, the district court accepted the magistrate judge's report and recommendation that Overstreet had failed to state *any* basis why Harrell and Miller are not entitled to immunity, why Lewis had acted under color of state law, or why all of Overstreet's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On appeal, Overstreet still fails to brief any of the issues the district court ruled upon. He has therefore "forfeited any challenge to the district court's primary holding that the allegations failed to state a plausible claim." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021); *see also* Fed. R. App. P. 28(a)(8); *Jaco v. Garland*, 24 F.4th 395, 401 n.1 (5th Cir. 2021) ("Although we liberally construe *pro se* [filings], *pro se* litigants must still comply with the civil rules of appellate procedure.").

AFFIRMED.